UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIONEL MONSANTO, | : | |
|     *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF RHODE ISLAND, | : | |
| *by and through its* SECRETARY OF | : | C.A. No.: 1:16-cv-00147 |
| TREASURY, SETH MAGAZINER; | : | |
| JAMES DONNELY TAYLOR | : | JURY DEMAND |
| *individually and in his official capacity*; | : | |
| GREGORY PALMER *individually and* | : | |
| *in his official capacity*; RHODE ISLAND | : | |
| STATE POLICE; COLONEL STEVEN | : | |
| G. O'DONNELL *individually and in his* | : | |
| *official capacity*, | : | |
|     *Defendants* | : | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

### INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States, and of the State of Rhode Island, against the State of Rhode Island, by and through its Treasurer, Seth Magaziner, State Trooper James Donnelly-Taylor, and State Trooper Gregory Palmer, who unlawfully arrested, harassed, assaulted, battered, humiliated and maliciously prosecuted the Plaintiff, Mr. Lionel Monsanto. This is also an action against Colonel Steven G. O'Donnell, as supervisory Officer responsible for the conduct of the Troopers, for his failure to take corrective action with respect to police personnel, to assure proper training and supervision of the personnel, or to discourage lawless official conduct. The Plaintiff alleges violations of his civil rights under Rhode Island and Federal law as well as common law claims.

### JURISDICTION

2. This is a civil action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

First, Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, and the corresponding articles of the Constitution of Rhode Island. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

3. The amount in controversy exceeds one hundred thousand dollars ($100,000.00), excluding interests and cost.

## VENUE

4. The incidents complained of occurred in the County of Providence, State of Rhode Island, and therefore, venue is proper.

## PARTIES

5. Plaintiff, Lionel Monsanto, is a resident of the city of Central Falls, within the State of Rhode Island and County of Providence.

6. Defendant, James Donnelly Taylor, upon information and belief, was at all times related hereto, a resident of the State of Rhode Island, and at all times related hereto was employed by the Rhode Island State Police as a Rhode Island State Trooper. Defendant Donnelly Taylor is being sued in his individual and official capacities.

7. Defendant Gregory Palmer, upon information and belief, was at all times relevant hereto, a resident of the State of Rhode Island, and at all times relevant hereto, was employed by the Rhode Island State Police as a Rhode Island State Trooper. Defendant Palmer is being sued in his individual and official capacities.

8. Defendant, State of Rhode Island is sued by and through its Treasurer, Seth Magaziner.

9. Defendant, Rhode Island State Police, is a law enforcement agency with statewide jurisdiction under the direct control of the State of Rhode Island.

10. Defendant, Seth Magaziner, is the treasurer of the State of Rhode Island and is sued in his official capacity as treasurer, and is a resident of the State of Rhode Island.

11. Defendant, Colonel Steven G. O'Donnell, is the Superintendent and Commissioner of the Department of Public Safety for the Rhode Island State Police, State of Rhode Island and is herein sued both individually and in his official capacity. Defendant O'Donnell is being sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

12. On or about February 26, 2014, at approximately 1:30 a.m., Plaintiff was operating a motor vehicle within the City of Pawtucket, heading toward an on-ramp for Interstate 95 south.

13. That prior to getting onto Interstate 95, Plaintiff noticed two police officers at a gas station, standing outside of their vehicle, talking to someone.

14. That as Plaintiff drove by the gas station, he noticed the police officers enter their vehicle, pull out of the gas station, and begin to follow the Plaintiff's vehicle.

15. That Plaintiff got on Interstate 95 south and noticed the police following his car for about four (4) exits.

16. The police, driving in a marked state police patrol vehicle occupied by both Defendant Trooper vehicles Donnelly-Taylor and Gregory Palmer, stopped and pulled over Plaintiff's vehicle.

17. That Plaintiff Lionel Monsanto is African-American, and his passenger at the time of the traffic stop, Marciel Bates, is also African-American.

18. That at all times relative hereto, Troopers Donnelly-Taylor and Gregory Palmer were acting under color of law, clad in uniforms provided by the Rhode Island State Police and were carrying side arms and other "tools" associated with law enforcements.

19. That upon the police approaching Plaintiff's vehicle and asking for his license and registration, Plaintiff asked why he was being pulled over, to which the police responded: "Are you going to tell me how to do my fucking job?"

20. That Defendant Donnelly-Taylor took Plaintiff's information, went back to their vehicle for 15 minutes, came back and advised Plaintiff that he was being pulled over because he was speeding.

21. That the allegation of speeding was a pretextual reason for stopping Plaintiffs vehicle.

22. That at all times related hereto, Plaintiff and his passenger both saw the State Police vehicle follow them onto the highway from the gas station they were stopped at near the highway.

23. The Plaintiff observing the State Police vehicle following him on the Interstate 95 was using all due care and was traveling within the posted speed limit, traveling at exactly 55 miles per hour.

24. That Defendant Donnelly-Taylor arrested Plaintiff for allegedly driving with an expired license.

25. That Defendant Donnelly-Taylor made comments to Plaintiff and his passenger that he smelled alcohol.

26. That neither Plaintiff nor his passenger had consumed any alcohol.

27. That while walking into the Lincoln State Police Barracks with Plaintiff, Defendant Donnelly-Taylor told Plaintiff: "When we get inside, I advise you to comply boy."

28. That when Defendant Donnelly-Taylor was booking Plaintiff at the Lincoln Barracks, he advised Plaintiff that "I didn't take your wallet bro"

29. That Defendants Donnelly-Taylor and Palmer then escorted Plaintiff to a cell at the police headquarters.

30. That Plaintiff was compliant and non-resisting.

31. That as Plaintiff entered his cell, Defendant Donnelly-Taylor administered four (4) consecutive punches/blows to Plaintiffs head/face as Plaintiff tried to cover his face laying on the cart within the cell.

32. That as Plaintiff lay there trying to cover himself, Defendant Donnelly-Taylor paused for a moment, called the Plaintiff a "fat motherfucker" and then wound up and punched Plaintiff in the face one more time.

33. That at all times relevant hereto, Defendant Greg Palmer stood by and watched Defendant Donnelly-Taylor repeatedly hit the Plaintiff and did nothing to stop the lawless activity, essentially condoning the behavior of his fellow officer.

34. That after Defendant Donnelly-Taylor delivered his last blow to the Plaintiff's face, the Plaintiff advised Defendant Donnelly-Taylor there was a live camera in the cell recording everything.

35. That Plaintiff then asked for medical attention and was ignored.

36. That Plaintiff then asked to call the mother of his child and was also denied this opportunity.

37. That later that night, another police officer visited the cell the Plaintiff was in and asked the Plaintiff what happened to his face, as it was bruised.

38. That the Plaintiff explained to the police officer what had happened and the police officer advised the Plaintiff to get a copy of the video from the cell within 30 days.

## COUNT I

## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

39. Paragraphs one (1) through thirty-eight (38) are herein alleged as though set forth in full.

40. That on or about February 26, 2014, Defendant Donnelly-Taylor, while acting under color of law and in his individual and official capacities, assaulted Plaintiff about the head and face without cause or justification therefore.

41. Said use of excessive force deprived Plaintiff of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an

unreasonable physical seizure of Plaintiff under the Fourth Amendment of the United States Constitution.

42. As a result of the unwarranted use of excessive force, Plaintiff suffered grievous bodily injuries including bruises to head, face, ear and arm, mental anguish, and was deprived of his constitutional right, all to his damage.

## COUNT II

### STATE OF RHODE ISLAND'S FAILURE TO TRAIN AND SUPERVISE

43. Paragraphs one (1) through forty-two (42) are herein realleged as though set forth in full.

44. Defendant State of Rhode Island has grossly failed to train its state troopers in the fundamental law of arrest, seizure, prosecution and racial profiling in that members of its state police engaged in a practice of using excessive force in bringing unwarranted criminal charges without due consideration for the protection of individual civil liberties.

45. Defendant State of Rhode Island encouraged and ratified the behavior of Defendants James Donnelly-Taylor and Gregory Palmer in failing to discipline its officers, in failing to investigate complaints against its officers, and by engaging in a policy of charging victims with crimes, as they did with Plaintiff in this case, in a preemptive effort to avoid liability.

46. The foregoing acts, omissions, systematic failures, customs and policies of the State of Rhode Island have caused Defendants James Donnelly-Taylor and Gregory Palmer to believe that determination of the right to arrest, seize, use of force and the amount of allowable legal force was within their discretion, and that complaints of illegal arrest and use of excessive force would not be honestly and/or properly investigated, with the foreseeable result that officers would be likely to illegally arrest, use improper force and charge and file complaints against innocent people as is the case here.

47. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the State of Rhode Island, Defendant James Donnelly-Taylor improperly seized, beat, arrested and used excessive force against Plaintiff.

### COUNT III

**CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER SECTION 1983**

48. Paragraphs one (1) through forty-seven (47) are herein alleged as though set forth in full.

49. Defendants Donnelly-Taylor and Gregory Palmer acting in their individual and official capacities and under color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights to wit:

   a. The Defendants agreed and acted intentionally to falsely have him arrested, seized, jailed, deprived of liberty, and/or prosecuted.

   b. The Defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Plaintiff as described above

   c. The Defendants agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated charges lodged against Plaintiff.

50. As a direct and proximate result of the conspiracy between Defendants and others as described above, Plaintiff was seized, confined, and arrested and charged with criminal offenses that he did not commit and was deprived of his right to be free from unreasonable and unlawful seizure, protection of the laws, due process rights to be free from arbitrary and unreasonable action that are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

# COUNT IV

## COLONEL STEVEN G. O'DONNELL'S SUPERVISORY LIABILITY

## UNDER 42 U.S.C. S 1983

51. Paragraphs one (1) through fifty (50) are herein realleged as though set forth in full.

52. Defendant, Colonel Steven G. O'Donnell acting in his individual and official capacities, as Superintendent of the Department of Public Safety, knew, or in the exercise of due diligence, should have known that the conduct of the other Defendant officers was likely to occur.

53. Defendant, Colonel Steven G. O'Donnell, failed to take any preventative or remedial measures to guard against the conduct of the other Defendant officers more fully set forth and described herein. Had Colonel Steven G. O'Donnell taken such measures, Plaintiff would not have suffered the deprivation of his rights more fully set forth herein. The failure of Colonel Steven G. O'Donnell amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiff. Colonel Steven G. O'Donnell failed to train, supervise and discipline the Defendant officers, and said failure caused Plaintiff damages.

54. After Plaintiff had been beaten by Defendant Donnelly-Taylor, Colonel O'Donnell participated, directly or indirectly, in the prosecution of Plaintiff. Colonel O'Donnell had knowledge of the widespread and pervasive policy, custom, practice and usage of falsely charging victims like Plaintiff with crimes, falsifying police reports, and that the conspiratorial acts against Plaintiff alleged in Count IV were about to be committed, had power to prevent or to aid in preventing the commission of wrongs and neglected to do so. These wrongful acts were committed as described above in Count IV, and these wrongful acts could have been prevented by the exercise of reasonable diligence by Colonel Steven G. O'Donnell. Moreover, that based upon information and belief, Colonel O'Donnell continued to employ Defendant Donnelly-Taylor, thereby condoning and accepting his criminal behavior as legitimate.

55. As a direct and proximate result of the above described unlawful and malicious acts of Colonel Steven G. O'Donnell, Plaintiff was deprived of his right to be secure in his person, to equal protection of the laws and to Due Process of Law, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983 and 42 U.S.C. § 1986.

## COUNT V

## ASSAULT AND BATTERY

56. Paragraphs one (1) through fifty-five (55) are herein realleged as though set forth in full.

57. That once Plaintiff was handcuffed, falsely arrested, and brought to the cell within the police station by Defendants Donnelly-Taylor and Palmer, Defendant Donnelly Taylor caused unconsented and offensive contact upon the body of Plaintiff by delivering four (4) consecutive punches to Plaintiff's head immediately upon Plaintiff's entering the holding cell.

58. As Plaintiff tried to cover his face, Defendant Donnelly Taylor paused for a moment, then wound up and punched Plaintiff in the face a fifth time.

59. That as a direct and proximate cause of Defendant Donnelly-Taylor's assault and battery upon the body of Plaintiff, Plaintiff suffered serious physical injuries and mental anguish.

## COUNT VI

## MALICIOUS PROSECUTION

60. Paragraphs one (1) through fifty-nine (59) are realleged herein as though set forth in full.

61. Defendants James Donnelly Taylor, and Gregory Palmer of the Rhode Island State Police, acting in their individual and official capacities, initiated a complaint in the Sixth Division, Providence County District Court alleging Plaintiff was guilty of driving on an expired license, obstruction, simple assault and disorderly conduct in 2014-RIX4-377-AR, Summons #14001506647, Case Number 61-2014-02144.

62. That the complaint was ultimately brought to the Providence County District Court for arraignment on or about February 26, 2014.

63. That the defendants did not have probable cause to initiate said proceedings.

64. That the defendants initiated the proceeding maliciously.

65. That the criminal charges were brought against Plaintiff without probable cause.

66. That the charges were ultimately dismissed based upon a lack of probable cause only after the assault upon the body of the Plaintiff was discovered.

67. That as a direct and proximate cause of the Defendant's malicious prosecution, Plaintiff suffered damages including humiliation, anxiety and mental anguish.

## COUNT VII

### FALSE IMPRISONMENT AND FALSE ARREST

68. Paragraphs one (1) through sixty-seven (67) are realleged herein as though set forth in full.

69. Defendants Donnelly-Taylor and Palmer, acting in their individual and official capacities, intended to have Plaintiff confined and falsely arrested by handcuffing him, then transporting him in a police vehicle to the police station where Plaintiff was brought to a holding cell where he was beaten and then held for a period of time.

70. Plaintiff was conscious and aware of his confinement and the arrest and confinement were without probable cause.

71. Plaintiff did not consent to any of the confinement.

72. That Plaintiff's arrest was made without legitimate legal process.

73. The confinement outlined herein was not otherwise privileged.

74. Plaintiff was detained without justification by Defendant Donnelly Taylor and Palmer of the Rhode Island State Police, whose officers were at all times acting under the color of law.

75. That as a direct and proximate result of the Defendants false arrest and imprisonment,

Plaintiff suffered serious bodily injury and significant mental anguish.

## COUNT VIII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76. Paragraphs one (1) through seventy-five (75) are realleged herein as though set forth in full.

77. Defendant Donnelly-Taylor's actions of punching Plaintiff were done intentionally.

78. Defendant Donnelly-Taylor's conduct was extreme and outrageous.

79. That as a direct and proximate result of Defendant Donnelly-Taylor's conduct, Plaintiff suffered extreme emotional distress.

## COUNT IX

### VIOLATION OF RHODE ISLAND GENERAL LAWS § 9-1-35

80. Paragraphs one (1) through seventy-nine (79) are hereby realleged herein as though set forth in full.

81. Plaintiff was subjected to acts which would reasonably be construed as intended to harass or intimidate Plaintiff on account of his race or national origin.

82. Defendants Donnelly-Taylor and Palmer intended to harass Plaintiff on account of his race or national origin, conspired together to seize him on the public roadways due to his race.

83. That as a direct and proximate result of Defendant Donnelly-Taylor's intentional harassment and intimidation of Plaintiff on account of his race or national origin, Plaintiff has suffered damages.

## COUNT X

### VIOLATION OF RHODE ISLAND GENERAL LAWS § 31-21.2-3

84. Paragraphs one (1) through eighty-three (83) are hereby realleged herein as though set forth in full.

85. Defendants Donnelly-Taylor and Palmer, in executing the traffic stop, eventual arrest, and assault on the Plaintiff engaged in racial profiling by stopping, detaining, and assaulting the Plaintiff solely as a result of racial or ethnic status.

86. That Defendants racial profiling of Plaintiff was in direct violation of R.I.G.L. § 31-21.2-3.

87. That as a direct and proximate result of Defendants Donnelly-Taylor's and Palmer's racial profiling of the Plaintiff in violation of R.I.G.L. § 31-21.2-3, the Plaintiff has suffered damages.

## COUNT XI

## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

88. Paragraphs one (1) through eighty-seven (87) are herein alleged as though set forth in full.

89. That on or about February 26, 2014, Defendants Donnelly-Taylor and Palmer, while acting under color of law and in their individual and official capacities, racially profiled the Plaintiff when they stopped his vehicle, detained him, and assaulted him.

90. Said racial profiling deprived Plaintiff of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and led to an unreasonable physical seizure of Plaintiff under the Fourth Amendment of the United States Constitution.

91. As a result of the Defendants' use of racial profiling, Plaintiff suffered grievous bodily injuries including bruises to head, face, ear and arm, mental anguish, and was deprived of his constitutional right, all to his damage.

## COUNT XII

### *RESPONDEAT SUPERIOR*

92. Paragraphs one (1) through ninety-one (91) are herein alleged as though set forth in full.

93. Defendant, State of Rhode Island, had the responsibility to supervise and control the Rhode Island State Police troopers

94. In fulfilling this responsibility, the State of Rhode Island relied upon its employees, agents, and servants, in particular on Defendant, Colonel Steven G. O'Donnell.

95. In fulfilling his responsibilities, Rhode Island State Police officials, including Defendant O'Donnell were acting within the course and scope of their employment in the hiring and supervision of Defendant Donnelly Taylor.

96. As a Rhode Island State Police Trooper, Defendant Donnelly Taylor was acting as the agent, servant, and/or employee of the State of Rhode Island and the Rhode Island State Police, during and within the course and scope of his agency and employment, and thereby gained access to Mr. Monsanto and used the powers and influence of his position and status as actual and apparent agent of Defendants State of Rhode Island and the Rhode Island State Police to assault the Plaintiff; to violate his civil rights under 42 U.S.C. § 1983; to conspire to violate his civil rights under 42 U.S.C. § 1983; to maliciously prosecute the Plaintiff; to falsely imprison and falsely arrest the Plaintiff; to intentionally inflict emotional distress on the Plaintiff; and to violate R.I.G.L. §§ 9-1-35 and 31-21.2-3.

## COUNT XIII

### *RESPONDEAT SUPERIOR*

97. Paragraphs one (1) through ninety-six (96) are herein alleged as though set forth in full.

98. Defendant, State of Rhode Island, had the responsibility to supervise and control the Rhode Island State Police troopers

99. In fulfilling this responsibility, the State of Rhode Island relied upon its employees,

agents, and servants, in particular on Defendant, Colonel Steven G. O'Donnell.

100. In fulfilling his responsibilities, Rhode Island State Police officials, including Defendant O'Donnell were acting within the course and scope of their employment in the hiring and supervision of Defendant Palmer.

101. As Rhode Island State Police Troopers, Defendant Palmer was acting as the agent, servant, and/or employee of the State of Rhode Island and the Rhode Island State Police, during and within the course and scope of his agency and employment, and thereby owed a duty to Mr. Monsanto and instead of using the powers and influence of his position and status as actual and apparent agent of Defendant State of Rhode Island and the Rhode Island State Police to perform the duties he owed to the Plaintiff, he failed to act, causing the Plaintiff to suffer an assault; to suffer a violation of his civil rights under 42 U.S.C. § 1983; to conspire to violate his civil rights under 42 U.S.C. § 1983; to be maliciously prosecuted; to be falsely imprisoned and falsely arrested; to suffer the intentional infliction of emotional distress; and to suffer a violation of R.I.G.L. §§ 9-1-35 and 31-21.2-3.

**WHEREFORE**, Plaintiff, Lionel Monsanto, requests that this Court enter judgment jointly and severally against the Defendants, State of Rhode Island, by and through its treasurer Seth Magaziner, James Donnelly Taylor individually and in his official capacity, Gregory Palmer individually and in his official capacity, Rhode Island State Police, Colonel Steve G. O'Donnell individually and in his official capacity:

    a. Compensatory damages in the amount of $250,000.00

    b. Punitive damages in the amount of $2,000,000.00

    c. Attorney's fees pursuant to 42 U.S.C. § 1988;

d.  Such other and further relief as this Court may deem just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

> Respectfully Submitted,
> Lionel Monsanto,
> By his attorney,
>
>
> /s/ Robert J. Caron
> _____
> Robert J. Caron, Esq.
> 478A Broadway
> Providence, RI 02909
> Phone: (401) 621-8600
> Fax: (401) 274-2480
> rjcaron@robertjcaronlaw.com

Date: February 3, 2017